UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

JOHNNY LEE MILLIGAN,
        Appellant,

        v.

SOCIAL SECURITY
   ADMINISTRATION,
        Agency.

DOCKET NUMBER
AT-0432-18-0492-I-1

DATE: October 15, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Johnny Lee Milligan, Ocala, Florida, pro se.

Alisha Irene Wyatt-Bullman, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g). We have also considered the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition as a request to reopen his withdrawn appeal under 5 C.F.R. § 1201.118, and we DENY his request.

## BACKGROUND

On May 23, 2018, the appellant filed an appeal challenging his removal from Federal service for unacceptable performance. Initial Appeal File (IAF), Tab 1. While the matter was pending, the appellant filed a motion to dismiss his appeal. IAF, Tab 17. The administrative judge called a status conference and explained the consequences of the appellant's request to withdraw his appeal and that he may not be able to refile with the Board unless certain criteria are met. IAF, Tab 18, Hearing Compact Disc. The appellant stated that he understood the administrative judge's guidance and that he wished to withdraw the appeal. *Id.* Accordingly, the administrative judge issued an initial decision dismissing the appeal as withdrawn, finding that the appellant's withdrawal was clear, unequivocal, and decisive. IAF, Tab 19, Initial Decision (ID). Neither party filed a petition for review, and the initial decision became final on December 20, 2018. ID at 3.

Approximately 2 1/2 years later, the appellant filed a pleading with the Board entitled, "Motion for Relief from Judgment for Lack of Statutory Standing Based on the Doctrine of Res Judicata," which was docketed as a petition for review. Petition for Review (PFR) File, Tab 1. The Office of the Clerk of the Board issued an order notifying the appellant that his petition for review appeared to be untimely and providing him with an opportunity to establish good cause for the delay. PFR File, Tab 2. The appellant filed a response requesting that the filing deadline be waived. PFR File, Tab 3. The agency filed an untimely response to the appellant's petition for review, along with a motion to accept the

filing as timely.[2]  PFR File, Tabs 6-7.  The appellant has filed a reply.  PFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board treats a request to reopen an initial decision that became final when neither party petitioned for review as an untimely filed petition for review. *Shannon v. Department of Veterans Affairs*, 110 M.S.P.R. 365, ¶ 5 (2009). Therefore, we will initially consider the appellant's submission as an untimely filed petition for review.

A petition for review must be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision.  5 C.F.R. § 1201.114(e).  Here, because the appellant has not alleged that he received the initial decision more than 5 days after it was issued, the last day on which he could timely file his petition for review was December 20, 2018.  ID at 3.  His petition for review, filed on May 17, 2021, was therefore untimely by 879 days.

The Board will waive its filing deadline only upon a showing of good cause for the delay.  5 C.F.R. § 1201.114(g).  To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal

---

[2] We need not determine whether the agency has shown good cause for its delayed response because we have adjudicated this petition for review without considering the filing.

relationship to his inability to timely file his petition. *Id.*; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Applying these factors, we find that the appellant has not shown good cause for his 879-day delay in filing his petition for review. Although he is proceeding pro se, a nearly 2 1/2 year-delay in filing his petition for review is significant. *See Marchese v. U.S. Postal Service*, 43 M.S.P.R. 268, 270 (finding that an appellant did not exercise due diligence in filing his petition for review 2 years and 5 months after alleged receipt of the initial decision), *aff'd*, 909 F.2d 1495 (Fed. Cir. 1990) (Table). The appellant asserts that the delayed filing should be excused because the agency allegedly engaged in "fraud when [it] lost its within-the-agency challenge to the WIGI Step Increase promotion" in November 2017. PFR File, Tab 3 at 4. To the extent the appellant argues his delayed filing should be excused based on new and material evidence, we find that the appellant has not alleged that the information contained in his petition for review or the documents attached thereto were unavailable to him prior to the close of the record before the administrative judge. *See Rivers v. Department of the Navy*, 61 M.S.P.R. 385, 387 (1994) (stating that the discovery of new and material evidence after the initial decision becomes final may constitute good cause for an untimely filed petition for review). Many of the documents attached to the appellant's petition for review are already contained in the record and do not constitute new evidence, and the remaining documents are dated before the record closed before the administrative judge. IAF, Tab 5 at 51-55, 71-94; PFR File, Tab 1 at 12-43; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (holding that evidence that is already part of the record is not new). Similarly, although the appellant's petition for review may seek to assert new legal theories, the factual information contained therein is not new, as the appellant has already presented it both to the agency in his response to the proposed removal and to the administrative judge. IAF, Tab 5 at 62-65, 69-70,

Tab 14 at 7-8. We therefore dismiss the appellant's petition for review as untimely filed without good cause shown.

To the extent the petition for review is construed as a request to reopen the appeal pursuant to 5 C.F.R. § 1201.118, we deny this request. *See Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 9 (2010); *Shannon*, 110 M.S.P.R. 365, ¶ 9. Ordinarily, an appellant's withdrawal of an appeal is an act of finality, and, in the absence of unusual circumstances such as misinformation or new and material evidence, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Potter v. Department of Veterans Affairs*, 116 M.S.P.R. 256, ¶ 7 (2011); *Shannon*, 110 M.S.P.R. 365, ¶ 9. The record shows, and the appellant does not dispute, that he voluntarily and unequivocally withdrew his appeal. ID at 1-3; PFR File, Tab 3 at 6. For the reasons set forth in above, we find that the appellant has not demonstrated that new and material evidence exists that would justify reopening the appeal.

Finally, although the appellant asserts on review that he believes his pleading to be "a new and independent filing," we find that the facts contained in his pleading are the same as those previously raised before the administrative judge. PFR File, Tab 3 at 6. The appellant has not alleged that the agency subjected him to any additional action aside from removing him from Federal service, for which there is a final decision from the Board, and therefore, we find no compelling reason based on the record to forward the matter to the region for docketing as a new appeal. *See Hinton-Morgan v. Department of the Army*, 75 M.S.P.R. 382, 394 (1997) (stating that an appellant is entitled to a new opportunity to request a hearing when he alleges that the Board has jurisdiction based on a different agency action than that which formed the basis of the original appeal).

Accordingly, we dismiss the petition for review as untimely filed, and, to the extent the appellant's petition may be construed as a request to reopen his

withdrawn appeal, we deny his request. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's removal from Federal service.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

10

The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.